IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00282-CMA-CBS

UNITED STATES OF AMERICA,
    Petitioner,
v.

DAMON W. SANDERS,
    Respondent.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the Petition to Enforce Internal Revenue Service Summons ("Petition") filed by the United States of America ("Petitioner") on February 2, 2012. (*See* Doc. # 1). Pursuant to the Order of Reference dated February 7, 2012, this civil action was referred to the Magistrate Judge "to conduct ALLMTN proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b)." (See Doc. # 3). The court has reviewed the Petition, the entire case file, the proceedings held on March 23, 2012, and the applicable law and is sufficiently advised in the premises.

    1.    On September 28, 2011, the Internal Revenue Service ("IRS") issued a Summons to Respondent, Damon W. Sanders ("Respondent"). (*See* Summons Service Form 6637, Exhibit 1 to Petition (Doc. # 1-2)).

    2.    The IRS issued the summons in furtherance of an investigation to determine the collectability in accordance with 26 U.S.C. § 7602 of taxes owed by Respondent for the years ending December 31, 2004, December 31, 2005, December 31, 2006, December 31, 2007, December 31, 2008, and December 31, 2009. (*See* Declaration of Revenue Officer Michael Sandoval, Exhibit 1 to Petition (Doc. # 1-1); *see also* Doc. # 1-2).

3.     The Summons was issued to Respondent to give testimony and to produce for examination documents and records as described in the Summons. The tax periods listed in paragraph 2, above, were specified in the Summons. The testimony, books, papers, records, documents, or other data sought by the IRS Summons are not in the possession of the IRS.

4.     On October 24, 2011, Respondent failed to appear or produce documents in response to the Summons. Respondent's power of attorney, Nancy Branigan, left a message for Revenue Officer Sandoval on October 24, 2011, stating that Respondent was working and would not appear. As of the date of this Recommendation, Respondent has not complied with the Summons.

5.     On February 8, 2012, the Magistrate Judge ordered Respondent to appear on March 23, 2012 to show cause why he should not be compelled to obey the IRS Summons served on him on September 28, 2011. (*See* Order to Show Cause (Doc. # 4)).

6.     The administrative steps required by the Internal Revenue Code for issuance of a summons have been met. On September 28, 2011, in accordance with 26 U.S.C. § 7603, the IRS served an attested copy of the Summons on Respondent by personal service. (*See* Doc. # 1-2 at 2 of 3). On March 8, 2012, Respondent was served with the court's Order to Show Cause (Doc. # 4), and a copy of the Petition. (*See* Affidavit of Service Doc. # 5).

7.     The court held a hearing on the Order to Show Cause on March 23, 2012, at which Respondent appeared in person. (*See* Courtroom Minutes/Minute Order (Doc. # 7)). Respondent failed to show sufficient cause why he should not be ordered to comply with the Summons.

Accordingly, IT IS RECOMMENDED that:

1.     Respondent be ordered to comply with and obey the IRS Summons served on

him by appearing at the IRS office at 301 S. Howes Street, Room 302, Fort Collins, CO 80521 before Revenue Officer Michael Sandoval, telephone number (970) 495-1365 (or other location to be agreed upon by the parties) at a time to be agreed upon by the parties, but **not later than May 7, 2012**, to give testimony and to produce for examination and copying the records, documents, and other information demanded by the IRS Summons.

2. Respondent be warned that failure to comply with any court order may result in Respondent being found in contempt of court and subject to possible fine or imprisonment.

3. That upon entry of an Order on this Recommendation, judgment be entered in favor of Petitioner and this civil action be closed.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195

F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 11th day of April, 2012.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge